UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
:
UNITED STATES OF AMERICA                    :
:            15 Cr. 756 (PAC)
-*against*-                                 :
:
MICHAEL EARL RODRIGUEZ,                     :            **OPINION & ORDER**
:
*Defendant.*                                :
:
------------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

Defendant Michael Rodriguez is charged with (i) conspiring to distribute marijuana, in violation of 21 U.S.C. § 846; and (ii) using or carrying a firearm in furtherance of the conspiracy, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and (2). The indictment also includes a forfeiture allegation and a substitute asset provision. Rodriguez moves for: (i) *in camera* inspection of the grand jury minutes; (ii) suppression of evidence seized from his gym bag, apartment, and U-Haul storage unit; (iii) production of the government's witness list; (iv) production of a bill of particulars; and (v) production of *Brady*, *Giglio*, and § 3500 materials.

On July 28, 2016, the Court held an evidentiary hearing on the issue of whether Rodriguez gave consent to DEA agents to search his gym bag. The Court now holds as follows: (i) DENIES the motion for inspection of the grand jury minutes; (ii) GRANTS the motion to suppress as to evidence seized from the gym bag, but DENIES the motion as to evidence seized from the apartment and U-Haul storage unit; (iii) DENIES the motion for production of the government's witness list; (iv) DENIES the motion for production of a bill of particulars; and (v) DENIES the motion for production of *Brady*, *Giglio*, and § 3500 materials.

## I. Inspection of grand jury minutes

First, Rodriguez moves for *in camera* inspection of the grand jury minutes. He claims that the grand jury's findings were based on "insufficient evidence" and "impermissible hearsay evidence." Handwerker Aff. ¶ 3. Grand jury proceedings are "accorded a presumption of regularity, which generally may be dispelled only upon particularized proof of irregularities in the grand jury process." *United States v. R. Ent., Inc.*, 498 U.S. 292, 301 (1991). A court will not review grand jury minutes "without concrete allegations of Government misconduct." *United States v. Leung*, 40 F.3d 577, 582 (2d Cir. 1994).

Rodriguez has not concretely alleged any government misconduct. He questions in vague terms the instructions given to the grand jury regarding the calculation of the weight of the seized marijuana and the legal definition of "active employ[ment]" of a firearm, but does not actually allege any misconduct. Handwerker Aff. ¶ 3. Further, "[i]t is entirely permissible for the government to use hearsay evidence in its presentation to the grand jury." *United States v. Ruggiero*, 934 F.2d 440, 447 (2d Cir. 1991). The motion is denied.

## II. Suppression of evidence

Next, Rodriguez moves to suppress evidence found in his gym bag after a warrantless search conducted by DEA agents in the early morning of August 21, 2015. The government contends that the search was lawful because Rodriguez gave consent. *See United States v. Snype*, 441 F.3d 119, 130 (2d Cir. 2006). Rodriguez disputes giving consent.[1] The government bears the burden of proving by a preponderance of the evidence that Rodriguez voluntarily

---

[1] Much of Rodriguez's factual assertions regarding his encounter with the DEA agents are in the affidavit of Rodriguez's lawyer. *See, e.g.*, Handwerker Aff. ¶ 6. While these assertions would have been better placed in Rodriguez's affidavit, Rodriguez does adopt them. Rodriguez Aff. ¶ 2 ("I have read and reviewed the June 13, 2016 defense motion to be filed with the Court on my behalf. I know the contents thereof to be true based upon my personal knowledge, or upon information and belief, in which case I believe it to be true.").

consented to the search. *Id.* at 131.

At the July 28, 2016 evidentiary hearing, DEA Special Agents Carlos Giraldo and Orville Greene testified, as did Rodriguez. The testimony establishes that the seizure of Rodriguez's gym bag occurred almost immediately after Rodriguez met the agents.[2] Rodriguez told the agents that he did not have identification (Hearing Transcript ("Tr.") at 8, ll. 2-14), and he did not know the contents of the bag (Tr. 10, ll. 1-4). In these circumstances, it would be highly unlikely for him to consent to the search of the bag and, of course, Rodriguez testified that he refused consent. Tr. 65, ll. 19-23. The Court finds that Rodriguez was credible when he testified that he refused the request to search his gym bag. And cross examination only confirmed Rodriguez's credibility. Tr. 70, ll. 15-16; 71, ll. 10-11; 73, ll. 21-25.

Since Rodriguez did not consent to the search of his gym bag, the government has failed to meet its burden to show that the search was lawful. The Court grants the motion to suppress evidence seized from the gym bag.

Rodriguez also moves to suppress evidence seized pursuant to two warrants, authorizing searches of the following locations: (i) Apartment 909, 420 East 111th Street (August 21, 2015); (ii) a safe deposit box at a Chase Bank located at 2551 Broadway (September 4, 2015)[3]; and (iii) U-Haul storage unit 2324 located at 780 East 138th Street (November 12, 2015). Rodriguez contends that these searches were the "tainted fruit" of the non-consensual search of his gym bag. *See Wong Sun v. United States*, 371 U.S. 471, 485-88 (1963).

---

[2] There is no dispute that inside the gym bag was a bag of marijuana, steroids, and a .22 caliber pistol, all of which belonged to Rodriguez.

[3] No evidence was obtained from the search of the safe deposit box and, accordingly, there is no evidence to suppress.

3

The affidavits in support of the search warrants for the apartment and the storage unit contain references to Rodriguez's arrest on August 21, 2015; and the seizure of the gym bag and its contents. But the affidavits also describe other evidentiary facts, developed from different sources, which support a determination of probable cause for these two warrants. "When an application for a search warrant includes both tainted and untainted evidence, the warrant may be upheld if the untainted evidence, standing alone, establishes probable cause." *Laaman v. United States*, 973 F.2d 107, 115 (2d Cir. 1992).

Here, there was more than sufficient evidence in the affidavits without the tainted evidence to support a determination of probable cause to search Apartment 909 and the U-Haul storage unit. As to Apartment 909, a reliable source had identified the apartment as a grow house, a drug-detecting canine positively alerted for drugs outside the apartment, and agents detected a strong odor of marijuana from outside the apartment. Gov't Response, Ex. A ¶¶ 12-13. The affidavit for the U-Haul storage unit contained all of that information, in addition to the facts that Rodriguez was the record owner of the storage unit and that agents had by that time discovered a large marijuana growing operation in Apartment 909. *Id.* Ex. B ¶¶ 8-11. Accordingly, there were sufficient facts in the affidavits to support determinations of probable cause, independent of the seizure of the gym bag on August 21, 2015. The motion to suppress evidence seized in Apartment 909 and the U-Haul storage unit is denied.

### III. Government witness list

Third, Rodriguez moves for a list of the government's trial witnesses. A defendant is entitled to early disclosure of the identity of government witnesses only upon a "specific showing that disclosure is both material to the preparation of [his] defense and reasonable in light of the circumstances surrounding [his] case." *United States v. King*, 2011 WL 1630676, at

4

*7 (S.D.N.Y. Apr. 27, 2011). "An abstract conclusory claim that such disclosure is necessary to the proper preparation for trial is insufficient." *Id.* (internal quotation marks and brackets omitted). Rodriguez's generalized request here is insufficient. The names of witnesses will be provided at the appropriate time. The motion is denied.

## IV. Bill of particulars

Fourth, Rodriguez seeks a bill of particulars to address several questions regarding the grand jury proceedings. The motion is denied. The government has satisfied its Rule 7(c) obligations by providing an indictment that "contains the elements of the offense[s] charged and fairly informs [Rodriguez] of the charge against which he must defend." *United States v. Alfonso*, 143 F.3d 772, 776 (2d Cir. 1998).

## V. Discovery requests

Finally, Rodriguez moves for production of materials pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and 18 U.S.C. § 3500. The motions are denied. The government represents that it is not aware of any *Brady* materials, and Rodriguez does not allege otherwise. And the government need not produce § 3500 and *Giglio* materials until shortly before trial. *See United States v. Vega*, 309 F. Supp. 2d 609, 617 (S.D.N.Y. 2004).

## CONCLUSION

The Court GRANTS the motion to suppress evidence seized in the gym bag. The Court DENIES the motions to suppress evidence seized in Apartment 909 and the storage unit, for inspection of the grand jury minutes, and for production of a bill of particulars, a witness list, and *Brady*, *Giglio*, and § 3500 materials.

Trial is set for Monday, September 19, 2016. The parties are directed to appear at a final

pretrial conference on Tuesday, September 13, 2016, at 4:00 pm in Courtroom 14C. Any motions *in limine* should be fully briefed by Wednesday, September 7, 2016. Proposed *voir dire* and requests to charge should also be filed by September 7. The Clerk is directed to terminate the motion at Docket 35.

Dated: New York, New York
August 3, 2016

SO ORDERED

*Paul A. Crotty*
PAUL A. CROTTY
United States District Judge